**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ETHAN WEST-HELMLE,

        Plaintiff,

v.                                          No. 1:22-mc-00019-MIS

CARLA MARTINEZ,

        Defendant.

**MEMORANDUM OPINION AND ORDER
<u>DENYING PLAINTIFF'S MOTION TO COMPEL</u>**

Plaintiff Ethan West-Helmle ("Plaintiff"), who is proceeding *pro se*, commenced a civil action in the District of Colorado. *See West-Helmle v. Denver District Attorney's Office*, No. 1:19-cv-02304-RM-STV (D. Colo.) ("*West-Helmle I*"). Plaintiff then commenced this miscellaneous civil proceeding to file a motion to compel Defendant Carla Martinez ("Defendant") to produce documents or, in the alternative, for *in camera* inspection of the documents. *See* Miscellaneous Action, Doc. 1, filed April 11, 2022 ("Motion to Compel"). Plaintiff and Defendant also filed various motions related to the motion to compel. Docs. 2, 3, 5, 9. For the reasons that follow, the Court will grant the various motions in part and deny them in part.

**I.    Plaintiff's Motion to Correct Defendant's Name**

Plaintiff styled this miscellaneous case as "ETHAN WEST-HELMLE, Plaintiff v. CHRISTINA MARTINEZ, Defendants" [sic]. Motion to Compel at 1. Plaintiff filed a Motion to Change Name of Defendant stating he "made a typographical error when opening this case. The Defendant Plaintiff named was 'Christina Martinez.' The Correct name is CARLA MARTINEZ." Motion to Change Name of Defendant at 1, Doc. 2, filed May 2,

2022.  Defendant, who is represented by counsel, did not oppose the Motion to Change Name of Defendant.  The Court grants the unopposed Motion to Change Name of Defendant.

## II.    Plaintiff's Motion for Extension of Time

Plaintiff also filed a Motion for Extension of Time to Respond seeking a 60-day extension of time for Defendant to respond to Plaintiff's Motion to Compel stating "Plaintiff, after conferring with Martinez's office personnel, is aware she has expressed a desire to find civil counsel to represent her."  Doc. 3 at 1, filed May 2, 2022.  The Court denies Plaintiff's Motion for Extension of Time to Respond as moot because counsel for Defendant filed a notice stating that Plaintiff "has approved an extension until Friday, July 1, 2022 for Defendant to provider [sic] her Answer to Plaintiff's *Miscellaneous Action.*"  Doc. 4, filed June 28, 2022.

## III.   Plaintiff's Motion to Compel

Plaintiff filed his Motion to Compel in this proceeding pursuant to Federal Rule of Civil Procedure 37 which provides that a "party seeking discovery may move for an order compelling . . . production, or inspection . . . if . . . a party fails to produce documents . . . ."  Fed. R. Civ. P. 37(a)(3)(B)(iv).   Plaintiff's motion to compel in *West-Helmle I* indicates Defendant is "Administrator, Office of the Second Judicial District Attorney, 520 Lomas Blvd NW, Albuquerque, NM 87102."  Doc. 178-1 at 1, filed March 29, 2022, in *West-Helmle I*.  Plaintiff had requested from Defendant: "Any and all documents your office received in response to the Background Check (including NCIC Report), which was for, and authorized by [Plaintiff] on September 19, 2018."[1]  Motion to Compel at 2.  Plaintiff

---

[1] "The NCIC [National Crime Information Center] is a computerized criminal history record information system used by criminal justice agencies to exchange information including, but not limited to,

asserts that Defendant, who is not a party in *West-Helmle I*, "never responded to [Plaintiff's] subpoena" requesting documents from the Second Judicial District Attorney's Office.  Motion to Compel at 2.   Plaintiff "asks this Court to Compel this NCIC report and all other documents Plaintiff requested from Martinez."  Motion to Compel at 5.  Rule 37 states that a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken."  Fed. R. Civ. P. 37(a)(2).

Defendant filed a Motion to Dismiss Miscellaneous Action in lieu of Answer which the Court construes as a response in opposition to Plaintiff's Motion to Compel.[2]  *See* Doc. 5, filed July 1, 2022 ("Motion to Dismiss").  Defendant states federal law forbids state agencies with NCIC access from disclosing its data to individuals and that the Second Judicial District Attorney's Office has provided Plaintiff with all requested records except the NCIC report.  *See* Motion to Dismiss at 4.

NCIC Report

The Court denies Plaintiff's motion to compel Defendant to provide the NCIC Report.  Federal law authorizes the United States Attorney General to "exchange such records and information with, and for the official use of . . . the States . . . and other institutions" and provides that the "exchange of records and information . . . is subject to cancellation if dissemination is made outside the receiving departments or related agencies."  28 U.S.C. § 534(a)(4), (b); *see also* 28 U.S.C. § 534(f)(1) ("Nothing in this subsection shall be construed to permit access to such records for any other purpose");

---

state and federal criminal history records in the Interstate Identification System ("III")." Response at 1, Doc. 5, filed July 1, 2022.

[2] While it is related to a civil action pending in another District and requires resolution through the judicial system, this miscellaneous action is not a civil action.

28 C.F.R. § 20.33(a) (listing entities to which the criminal history record information may be made available).  Plaintiff is not an entity to which the Second Judicial District Attorney is permitted to disseminate the NCIC report.

Plaintiff argues that Defendant' assertion, that Plaintiff is not an identified entity of which disclosure is appropriate and that the Second Judicial District Attorney's Office is subject to cancellation if dissemination is made to a non-identified entity, is an "absurd notion . . . not supported by law.  The thought that if Martinez was to inquire with Plaintiff about the report she has access to and saw would cause NCIC to no longer do business with the State of New Mexico is stupid."  Plaintiff's Reply to Response to Motion to Compel at 2, Doc. 6, filed July 15, 2022.  Plaintiff does not cite any legal authority showing that the Second Judicial District Attorney's Office would not be subject to cancellation.

Furthermore, Plaintiff has not shown that the NCIC Report is not available from other sources.  *See U.S. ex rel. Purcell v. MWI Corp.*, 232 F.R.D. 14 (D.D.C. 2005) (Party's understandable interest in obtaining impeachment material was not sufficient to show that information it sought, which was otherwise protected by work product and joint prosecution privileges, was unavailable from other sources, for purpose of party's motion to compel production of documents and responses to interrogatories).  It appears the NCIC Report is available from other sources because Plaintiff states that he "is entitled to see the report of which he can obtain from NCIC while he prefers to gain access through this Miscellaneous Action."  Plaintiff's Reply at 4.

Email Communications

Plaintiff "also requests the Court compel Martinez to give up the email communication which transpired between Bernalillo District Attorney's Office and any

4

member of the Denver District Attorney's Office from March 1, 2019, to current." Plaintiff's Reply at 4.

The Court denies Plaintiff's request to compel Defendant to provide email communications with the Denver District Attorney's Office. Defendant states the Second Judicial District Attorney's Office "provided Plaintiff with all requested records save those protected from disclosure." Motion to Dismiss at 5. Defendant also states, "Plaintiff references 'email communications between the Denver District Attorney's Office and Martinez' or 'between the Bernalillo District Attorney's Office and any member of the Denver District Attorney's Office, (ECF 6 at 1, 4), but no such emails exist." Martinez's Reply at 2, Doc. 7, filed July 26, 2022.

Plaintiff's Requests for In Camera Review and Transfer to District of Colorado

Plaintiff asks the Court to conduct an "*in camera* review of privileged documents." Motion to Compel at 4. Plaintiff also requests that "[t]his discovery dispute . . . be transferred to the District Court of Colorado because of exceptional circumstances" stating:

> Plaintiff graduated from University of Denver, Sturm College of Law in December 2018 even though Martinez demanded to Plaintiff that there was "no way" he could possibly graduate having suffered a stroke. Months later, Plaintiff sued his University, Plaintiff sued the local District Attorney and Plaintiff sued a Judge. There was not a defense attorney in Denver who thought Plaintiff could survive, yet here he is, thriving indeed. This Court shall never again see circumstances more exceptional than what we have here.
>
> Magistrate Varholak [the Magistrate Judge in *West-Helmle I*] knows this case more intimately than any other Judge ever could. Plaintiff asks this Court not to deny this information from Magistrate Varholak because he struggles to make a mandatory holding in compliance with the facts and the law.

Reply at 4-5.  The Court denies Plaintiff's requests for an *in camera* review and a transfer of this proceeding to the District of Colorado because the Court is denying Plaintiff's Motion to Compel for the reasons stated above.

## IV. Plaintiff's Motion to Set Hearing

Plaintiff filed a Motion to Set a Hearing regarding Plaintiff's Motion to Compel.  *See* Doc. 9, filed October 14, 2022.  The Court denies Plaintiff's Motion to Set a Hearing because the Court is denying Plaintiff's Motion to Compel on the basis of the briefing and does not require additional evidence to make a decision.

## V. Conclusion

**IT IS ORDERED** that:

1. Plaintiff's Motion to Change Name of Defendant, Doc. 2, filed May 2, 2022, is **GRANTED.**

2. Plaintiff's Motion for Extension of Time to Respond, Doc. 3, filed May 2, 2022, is **DENIED AS MOOT.**

3. Plaintiff's Motion to Compel, Doc. 1, filed April 11, 2022, is **DENIED.**

4. Defendant' Motion to Dismiss Miscellaneous Action in lieu of Answer, Doc. 5, filed July 1, 2022, is **GRANTED** to the extent it opposes Plaintiff's Motion to Compel.

5. Plaintiff's Motion to Set a Hearing, Doc. 9, filed October 14, 2022, is **DENIED.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE